BARK SAN FERNANDO *v.* JACKSON & MANSON.*

*(Circuit Court, E. D. Louisiana.* March 18, 1882.)

1. ADMIRALTY JURISDICTION.
   Admiralty courts have jurisdiction in all cases of maritime obligations. *Ins. Co.* v. *Dunham,* 11 Wall. 1.

2. GENERAL AVERAGE.
   General average comes under the head of maritime obligations, and in such a case, where the consignee has received his goods and given a general average bond, the United States admiralty court has jurisdiction of an action upon such bond, notwithstanding the opinion of the supreme court of the United States in *Cutler* v. *Rae,* 7 How. 729, under the authority of the late decision of that tribunal.

Admiralty Appeal.

*George L. Bright,* for libellants.

*Thos. Gilmore & Sons,* for defendants.

PARDEE, C. J. This suit is brought by a libel *in personam,* to recover the share due by defendants in a case of general average. The record shows a proper case for general average, and that on the arrival of the bark at this port the cargo was delivered on an average bond. The only questions raised in the case are: (1) As to the jurisdiction of the court; and (2) as to the amount due. I have held the case for some time for consideration of the question of jurisdiction. Since the decision in *Ins. Co.* v. *Dunham,* 11 Wall. 1, there seems to be no doubt that the admiralty courts have jurisdiction in all cases of maritime obligations. And that general average comes under the head of maritime obligations there cannot be much question. In fact, there is no doubt that the claim for general average is a lien enforceable in admiralty on the cargo saved until the delivery of the cargo, and the real question is whether the jurisdiction remains after the lien is lost by delivery, so that the claim may be enforced *in personam* against the consignees.

The obligation of the cargo to contribute, in a proper case of general average, is a maritime obligation for which the cargo is bound, but not the consignees. When the cargo is delivered there is an implied obligation, or, if a bond is taken, an express obligation, on the part of the consignees to contribute the share due by the cargo so received by them. Is this last obligation a maritime obligation?

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

In *Cutler* v. *Rae*, 7 How. 729, it is clearly decided not to be a maritime contract.  It is said:

"The owner of the goods is liable, because at the time he receives the goods they are bound to share in the loss of other property by which they have been saved, and he is not entitled to demand them until the contribution has been paid; and as this lien upon his goods has been discharged by the delivery, the law implies a promise that he will pay it.  But it is not implied by the maritime law which gave the lien.  It is implied upon the principles of the common-law courts, upon the ground that in equity and good conscience he is bound to pay the money, and is therefore presumed to have made the promise when he received the goods."

It would seem that where the consignee receives the goods and gives a general average bond, the express contract takes the place of, and stands upon the same footing as, the implied obligation referred to in *Cutler* v. *Rae*.  So that, if the case of *Cutler* v. *Rae* is the law, the question of jurisdiction herein raised is settled adversely.  But at the very time of the decision in that case, and ever since, doubts have been thrown upon its correctness.  See the remarks of the chief justice rendering the decision, and of Justices Wayne and Catron, dissenting; also Curtis, Jur. U. S. Courts, 261; *Dike* v. *St. Joseph*, 6 McLean, 573.  And in *Ins. Co.* v. *Dunham*, 11 Wall. 1, it is practically overruled.

It is said by Judge Curtis in *Gloucester Ins. Co.* v. *Younger*, 2 Curt. 334, that it would be remarkable if the admiralty were held not to have jurisdiction over an implied or express promise to contribute to a general average loss, and yet had jurisdiction over an express promise in a policy of insurance to indemnify one for what he might be obliged to contribute.  Since the case of *Dunham*, referred to, this last jurisdiction is undisputed.  The practice in the courts of this district has been in favor of the jurisdiction claimed, and the learned district judge in this case has maintained it.  Although the case of *Cutler* v. *Rae* has never been directly overruled, I think I must either disregard that case or else disregard the later decisions of the supreme court.  The learned proctors for defendants are a little confused in the cases cited as to contracts for towage, master's wages, and mortgages. In those cases (libels *in rem*) it was held that where there was no lien there was no jurisdiction to proceed *in rem*.

As to the amount claimed, while there is some doubt about the charges for commissions and for the adjuster's services, yet, as these charges are proved to be regular, and the report of the adjuster containing them is approved by the average committee of the board

of underwriters, I am not disposed to have the matter re-examined. The adjustment made at the port of destination I understand to be the correct one, and clearly the one made at Passages, Spain, was erroneous, and the libellants were not bound by it, particularly when the respondents rejected it.

Let a decree in terms affirming the judgment of the district court be entered.